UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **DEBORAH TOMLINSON** | **CIVIL ACTION NO. 1:20-CV-01652** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **THOMAS E. TUCKER** | **MAGISTRATE JUDGE JOSEPH H.L. PEREZ-MONTES** |

## MEMORANDUM ORDER

Pending before the Court is a MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION (the "Motion") [Doc. 2] filed by Plaintiff Deborah Tomlinson ("Tomlinson").

On December 18, 2020, Tomlinson filed the Motion and a Verified Complaint (the "Complaint") [Doc. 1], bringing suit against the defendant, Thomas E. Tucker ("Tucker"). The Complaint seeks both revendicatory and injunctive relief involving $800,000 of Tomlinson's money, which she alleges is now in Tucker's possession. In short, the Complaint alleges that Tomlinson was the victim of an investment scam, pursuant to which, in December of 2019, she made two deposits in the cumulative amount of $1,252,500 into an escrow account maintained by First Title, Inc. Within days of the deposits, the Complaint alleges that $800,000 of the escrowed funds were released to Tucker – who the Complaint suggests may have been another victim of the same investment scam – without Tomlinson's knowledge or consent. In addition to the return of her funds, Tomlinson seeks both a temporary restraining order and preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure,

"enjoining Tucker from disposing, destroying, using, transferring, and/or otherwise alienating the funds, without leave of the Court." [Doc. 2 at ¶ 2].

For the following reasons, Tomlinson's Motion for a Temporary Restraining Order [Doc. 2] is DENIED.  Tomlinson's Motion for Preliminary Injunction, as well as her claims for substantive relief, remain pending.

To obtain a temporary restraining order, "the moving party must establish four factors: (1) a substantial likelihood of success on the merits, (2) a substantial threat that failure to grant the injunction will result in irreparable injury, (3) the threatened injury outweighs any damage that the injunction may cause the opposing party, and (4) the injunction will not disserve the public interest."  *Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991).  Injunctive relief "is an extraordinary remedy and should be granted only if the movant has clearly carried the burden of persuasion with respect to all four factors."  *Allied Marketing Group, Inc. v. CDL Marketing, Inc.*, 878 F.2d 806, 809 (5th Cir. 1989).

Without the necessity of examining the remaining factors, Plaintiff's Motion is facially deficient in making the showing that there is, "a substantial threat that failure to grant the injunction will result in irreparable injury." *Lakedreams*, 932 F.3d at 1107.  Among other things, there are no factual assertions within the Complaint or Motion that provide the Court with a basis for finding that the Defendant is likely to surreptitiously transfer the Plaintiff's funds beyond the reach of this Court.  Indeed, all of the factual allegations before the Court took place in November and December of 2019, including Tucker's alleged receipt of Tomlinson's money.  Assuming that Tucker is so inclined to transfer or spend the disputed funds,

the Plaintiff includes no factual allegations as to why he is *likely to do so now* – when Tucker has allegedly already had possession of these funds for over a year. Without more, Plaintiff has failed to demonstrate any compelling reason why this matter cannot wait the comparatively insignificant amount of time it would take to set the matter for hearing on the Motion for Preliminary Injunction with proper notice to the Defendant.[1]

Under these circumstances,

IT IS ORDERED that Tomlinson's Application for a Temporary Restraining Order [Doc. 2] is DENIED.

Once Plaintiff has served the named Defendant, the parties are instructed to contact the Court to request a telephone status conference to set Plaintiff's Motion for Preliminary Injunction for hearing.

THUS DONE AND SIGNED in Chambers on this 21st day of December, 2020.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE

---

[1] The Court also notes that Tomlinson's attorneys have failed to appropriately certify "in writing any efforts made to give notice and the reasons why it should not be required," as provided under Federal Rule of Civil Procedure 65(b)(1)(B); instead merely making a general assertion in their Certificate of Service that Tucker was "provided with notice of such filing via ECF, U.S. Mail, Email, and/or hand delivery" at an address in Pineville, Louisiana. [Doc. 2 at p.6].